IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA WAUNEKA,

    **Plaintiff,**

v.                                             No._____

THE UNITED STATES OF AMERICA,

    **Defendant.**

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
FOR DAMAGES CAUSED BY NEGLIGENCE**

Plaintiff, Donna Wauneka, avers for her complaint the following:

1. Plaintiff brings this civil action against the United States for compensatory damages arising from the negligence of personnel at the Gallup Indian Medical Center ("GIMC") located in Gallup, New Mexico, and the Fort Defiance Indian Hospital ("FDIH"), located in Fort Defiance Arizona, facilities operated by the United States and the Indian Health Service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

2. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

3. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

4. The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

1

5. Federal employees include, but are not limited to, employees of the Indian Health Service, and both the GIMC and the FDIH.

6. At all times material to this case defendant United States controlled, owned, and operated GIMC and FDIH.

7. GIMC and FDIH provide medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

8. At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and to plaintiff, including the ability to diagnose and treat medical problems, and to order appropriate testing needed to rule out serious medical conditions.

9. Plaintiff signed and presented to the Department of Health and Human Services in February 2, 2013, a timely administrative claim under the FTCA alleging negligence by federal employees at GIMC and FDIH in the provision of medical care to plaintiff.

10. Defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

11. By law, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiff is then authorized to file a lawsuit against the United States.

12. Defendant has not attempted to settle with plaintiff after more than six months.

13. Plaintiff has now exhausted her administrative remedies as required by the FTCA.

14. Plaintiff is authorized by statute to file this action in the United States District Court for the District of New Mexico.

15. Plaintiff is a tribal member of the Navajo Nation. At all times material hereto, she resided near St. Michael's, Arizona.

16. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

17. On August 12, 2012, Donna Wauneka went to FDIH reporting back pain. The report for the thoracic spine x-ray noted degenerative changes at T11-T12.

18. The radiologist added that "...MR may be helpful if clinically indicated."

19. Less than a week later, on August 17, 2012, Ms. Wauneka returned to FDIH with 10/10 back pain. Staff told her she had a urinary tract infection. She was given an antibiotic and discharged without further testing.

20. Because the back pain was so severe and the staff at FDIH was so perfunctory in its care, the very next day, August 18, 2012, Ms. Wauneka went to nearby GIMC, which has a larger orthopedic staff and handles many complicated orthopedic and orthopedic surgery cases. Ms. Wauneka believed GIMC was better equipped and staffed to give her an accurate diagnosis.

21. At GIMC, Ms. Wauneka was given pain medication and discharged. No MRI or other scans were performed. She still had and continued to have 10/10 back pain. Her complaints of severe pain were discounted and there was no proper differential diagnosis.

22. On August 23, 2012, Ms. Wauneka returned to FDIH with continuing, severe back pain in the lower thoracic and upper lumbar areas. Ms. Wauneka's pain was so severe she had not been able to sleep, so she requested an MRI be done. She was only given pain medication for her symptoms, and again discharged. Despite the intense ongoing pain, staff ordered no radiographs, including no MRI.

23. Ms. Wauneka returned to FDIH on September 3, 2012. She had the same complaints of severe back pain, and again requested that an MRI be done. Again, she was merely given pain medication for symptom relief and discharged with instructions to follow up with Dr. Reece.

24. Ms. Wauneka returned to FDIH two days later, September 5, 2012, with identical complaints of severe back pain. Ms. Wauneka had been on Bactrim and Cipro for a suspected, but not diagnosed, urinary tract infection. She stated she was taking the Percocet, but was only getting temporary relief of the pain.

25. The pain always returned soon, agonizing pain, and it interfered with Ms. Wauneka's ability to sleep. Ms. Wauneka could not sleep on her back at all, and she required assistance to move from a lying to a sitting position.

26. During the September 5, 2012 visit at FDIH, Ms. Wauneka was advised by hospital staff to obtain an orthopedic evaluation. Again, Ms. Wauneka requested an MRI be done, but that was again denied. The decision about ordering an MRI was handed off to the orthopedic staff.

27. On September 6, 2012, Ms. Wauneka went to the Ortho Clinic at FDIH. She stated she was experiencing a "popping" in her mid-back. She had an appointment already set for September 28, 2012, but she was unable to wait for the appointment due

to her severe pain. During this visit, staff reassured Ms. Wauneka there was no need for an MRI.

28. On September 18, 2012, Ms. Wauneka went to FDIH for a physical therapy appointment. The physical therapy did not help with the constant pain.

29. On October 9, 2012, Ms. Wauneka returned to FDIH with ever-present pain. Once again, she requested an MRI. Again, she was told there was no need for an MRI.

30. On November 23, 2012, Ms. Wauneka returned to GIMC, again due to intense back pain. She was discharged with more medication for symptom relief, i.e., Baclofan and Naproxen.

31. On December 3, 2012, Ms. Wauneka reported to FDIH emergency department this time with symptoms of pneumonia. An incidental chest x-ray showed:

> "…progressive significant abnormal anterior wedging of the T12 vertebrae and intervertebral narrowing. These findings are highly concerning for progressive worsening discitis/osteomyelitis with vertebral body collapse vs. traumatic compression fracture with further collapse of the T12 vertebrae. Further evaluation with MRI of the lumbar spine with and without contrast is recommended."

32. On December 3, 2012 and after months of agonizing pain, an MRI was finally done. The MRI report indicated:

> "…significant marrow edema throughout the entire T11 and T12 vertebral bodies with extension into the left pedicles." "…there [is] considerable collapse (>25% loss of height) primarily of the anterior aspect of T12. There is significant intervertebral disc space at narrowing of the T11-T12 level with irregularity and erosive changes of the inferior endplate of T11 and superior endplate of T12."

5

33. The final impression from the examination was:

> "Findings consistent with considerable active/chronic discitis/osteomyelitis of T11/T12 with resultant considerable anterior T-12 vertebral body collapse…".

## **CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION**

34. Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of the count of negligence.

35. The United States is legally responsible for the negligent actions of its employees, including employees of GIMC and FDIH, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

36. The involved staff who participated in the "care" done on plaintiff at GIMC and FDIH were employees of the Indian Health Service at the time of Ms. Wauneka's visits related to her back pain.

37. Those employees were on the job performing job-related duties for GIMC and FDIH at the time they mishandled Ms. Wauneka's condition and failed to make a proper diagnosis in a timely manner.

38. The United States is liable for the negligent acts and omissions of GIMC and FDIH staff in their handling of Ms. Wauneka's care while she was a patient at GIMC and FDIH, including during the time Ms. Wauneka was being seen at those facilities in August through December, 2012, during and after her first visit on August 12, 2012.

39. The involved staff at GIMC and FDIH had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

40. The involved staff at GIMC and FDIH breached the duty of reasonable care owed to Ms. Wauneka and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

    a) failure to conduct a proper differential diagnosis for Ms. Wauneka's back pain;

    b) failure to order appropriate medical diagnostic tests and attempt to rule out very serious medical conditions such as vertebral body collapse and osteomyelitis;

    c) failure to interpret radiological imaging accurately:

    d) failure to take Ms. Wauneka's complaints seriously as indicating a condition more serious than a transient urinary tract infection;

    e) negligent reliance on temporary and partial relief of symptoms in lieu of making an accurate determination of Ms. Wauneka's underlying pathology;

    f) failure to accurately diagnose a serious medical condition that should have been apparent to healthcare providers at both GIMC and FDIH;

    g) negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and related fields while performing or engaged in providing medical care, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

41. The negligent actions and omissions of employees of the United States in failing safely and properly to provide Ms. Wauneka with medical care at GIMC and FDIH

in the months of August to December, 2012, caused injury to Ms. Wauneka and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico and the State of Arizona, as the case may be, the places where the complained of acts and omissions occurred, if the United States were a private individual guilty of the same negligence.

42. At all times material hereto, Ms. Wauneka was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of GIMC and FDIH and involved staff, dependent upon the government, the hospitals, and the hospital staffs for her safety and medical care.

43. Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and safe medical care for Ms. Wauneka, which gives rise to a negligence cause of action against defendant, as laid out herein.

44. As a direct and proximate result of the negligence of defendant United States and its employees, Ms. Wauneka suffered serious injury and harm.

## DAMAGES

45. Under the FTCA and the law of the place of the wrong, the States of New Mexico and Arizona, plaintiff is entitled to compensatory damages for her losses, both special and general, including nature, duration, and extent of injury, past and future medical expense, loss of earning capacity, non-medical expense incidental to her injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, disfigurement and scarring, and future damages caused by the negligence of the United States. Defendant United States is liable to plaintiff for her

losses and she hereby claims a right to recover all allowable damages recognized by New Mexico and Arizona law, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays the court to enter judgment for her and to order that she be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as the court adjudges proper under the laws and rules that govern this case.

>BARBER & BORG, LLC
>P.O. Box 30745
>Albuquerque, NM 87190-0745
>3816 Carlisle Blvd, NE Suite C (87107)
>(505) 884-0004
>(505) 884-0077 (fax)
>Email: scott@barberborg.com
>
>By:     */s/ Scott E. Borg*
>     ATTORNEYS FOR PLAINTIFF